Nelson Conquest vs. P. Oscar Nordquist — No. 71466

Amey E. Payne vs. P. Oscar Nordquist — No. 71465

Helma E. Conquest vs. P. Oscar Nordquist — No. 71467

October 16, 1928.

BLODGETT, J. Heard upon motions for a new trial filed by the defendant in each case after verdicts for the several plaintiffs.

The action arose from an automobile collision at the intersection of Pawtucket Avenue and the Barrington Parkway a few minutes after 5 o'clock on April 18, 1927.

Amey E. Payne, the driver of plaintiff's car, was proceeding along Pawtucket Avenue toward her home at Riverside. The defendant was driving his car toward Providence and turning into the parkway. The weather was clear.

As there is no doubt in the mind of the Court that there was testimony which the jury might consider evidence of negligence on the part of defendant, that matter will not be discussed.

Was the driver of plaintiff's car guilty of any contributory negligence?

The driver testified that, as she approached this intersection, there was no other vehicle in view save the defendant's car and that it was 400 ft. away; that the speed of her car was 15 miles per hour and the speed of defendant's car 40 miles per hour; that as defendant's car approached, the speed of her car was reduced to 4 or 5 miles per hour and that she did not see that the speed of defendant's car was reduced, although she was watching how close he was going to come; that as defendant's car came near her car she turned to the right to avoid a collision; that the defendant's car struck

her car between the front door and front wheel.

Here we have a picture of an ordinary automobile collision in the daytime at a street intersection where there was plenty of room for the driver of each car and where the driver of the car that was struck saw the other car approaching at an excessive rate of speed and 400 ft. away, then saw this car turning into the intersection in such a manner as to pass in front of her car and saw no decrease in the rate of speed of the oncoming car.

The law imposes a duty on the plaintiff to satisfy the Court and jury by the greater weight of the evidence that there was no contributory negligence on her part.

The jury says there was no contributory negligence. Is the jury plainly wrong?

In a rescript filed by Mr. Justice Capotosto in *Arthur Holbrook* vs. *United Electric Railways Co.*, No. 71960, where the facts were somewhat similar, the Court granted a new trial to the defendant, saying:

"The fair preponderance of the evidence shows that Arthur Holbrook and the bus driver were both lacking in that degree of prudence that the exigency of the moment reasonably required."

In the case of Amey E. Payne, the Court feels that the fair preponderance of the evidence shows negligence upon the part of both parties. In this case the motion of defendant for a new trial is granted.

The plaintiff, Helma E. Conquest, the owner of the car, was sitting upon the rear seat. The plaintiff was not in good health and the drive was being taken in part for her benefit. The daughter of Helma E. Conquest was driving the car. The evidence shows it was a family car and upon this occasion occupied by members of the family.

Is any negligence on the part of the driver imputable to the mother, the owner of the car?

"In the case of a 'family automobile' the owner is chargeable with the negligence of another member of the family who is driving, if the owner is a passenger and it is being used for a purpose in the accomplishment of which the owner is interested, for in such circumstances the relation of principal and agent arises between the owner and the driver."

*Frances Lucey, p. a.* vs. *John F. Allen*, 44 R. I. 379.

If we assume to be true the story as told by the daughter driving the car, viz.: that she observed the approaching automobile of defendant making a turn from Pawtucket Avenue into the boulevard at an excessive rate of speed, 40 miles per hour; that she had in mind that the car of defendant might turn into the parkway; that when she first saw this car it was 400 ft. away and going at this excessive rate of speed and continued at such rate when making the turn, and that she slowed her car down from 15 miles per hour to 4 or 5 miles per hour and could have stopped her car in a distance of 10 ft., then the Court cannot help feeling that the driver under these circumstances, having an invalid mother and a sister as passengers in the car, was guilty of negligence in not coming to a stop when she saw the oncoming car turning to cross in front of her at such a reckless rate of speed.

As, under the case of *Lucey* vs. *Allen* cited above, the negligence of the driver would be imputed to the mother, the Court feels compelled to grant a new trial in the case of Helma E. Conquest, also in the case of Nelson Conquest, who brought suit as husband.

Motion for new trials granted.

For. plaintiff: Walter J. Hennessey.

For defendant: Wilson, Churchill & Curtis.